David Donahue (ddonahue@fzlz)
Emily Weiss (eweiss@fzlz.com)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, NY  10017
Tel:  (212) 813-5900

Samuel J. Frederick (application for
admission *pro hac vice* to be filed)
FOSTER, SWIFT, COLLINS & SMITH, P.C.
313 South Washington Square
Lansing, Michigan 48933
Tel: (517) 371-8103
Email: sfrederick@fosterswift.com

*Attorneys for Defendant Liquid Web Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SUSEN GENCH, *doing business as* OnlineTutorForEnglish.com,<br><br>Plaintiff,<br><br>-against-<br><br>HOSTGATOR.COM, LLC; ENOM, INC.; LIQUID WEB INC.; WIRED TREE; SITEGAP.COM; SITEGAP.NET; SITE GAP,<br><br>Defendants. | Case No.  14 Civ. 03592 (RA)(GWG) |

**MEMORANDUM IN SUPPORT OF DEFENDANT**
**<u>LIQUID WEB INC.'S MOTION TO SET ASIDE ENTRY OF DEFAULT</u>**

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure and the Court's Order dated January 22, 2015, Defendant Liquid Web Inc. ("Liquid Web") hereby moves to set aside the Clerk of Court's entry of default.  For the reasons set forth below, Liquid Web submits that it has demonstrated good cause and requests that the Court grant its motion.

## PROCEDURAL HISTORY

Plaintiff Susen Gench filed a Complaint against Liquid Web as well as Hostgator.Com, LLC, Enom, Inc., Wired Tree, SiteGap.com, SiteGap.net, and Site Gap on May 19, 2014.  Four days later, she filed an Amended Complaint.  Plaintiff asserts various causes of action in the Amended Complaint, all of which arise out of the defendants' alleged interference with a website that Plaintiff alleges to have operated at *www.OnlineTutorForEnglish.com*.

On July 16, 2014, the Court stayed discovery in this case until all motions to dismiss were resolved (Dkt. No. 45).  All three of Liquid Web's codefendants that have been served have filed motions to dismiss, which are fully briefed.

On June 23, 2014, Plaintiff filed a Proof of Service stating that the Summons had been served on Liquid Web on June 2, 2014.  *See* Dkt. No. 8; *see also* Declaration of Travis Stoliker in Support of Defendant Liquid Web Inc.'s Motion to Set Aside Entry of Default ("Stoliker Decl.), Ex. A.  However, based on the documents that Plaintiff attached to the Proof of Service, it appears that the Summons that Plaintiff claims to have served on Liquid Web did not include a complete copy of the Amended Complaint; rather, the only documents attached to the Summons were the first two pages of both the Complaint and the Amended Complaint, which respectively include only the caption and a list of the parties to the litigation, without any allegations or a prayer for relief.

Moreover, Liquid Web has no record of ever having received the Amended Complaint. The Proof of Service that Plaintiff filed with the Court was signed by Nick Campbell. *See* Stoliker Decl., Ex. A. Mr. Campbell is the Operations Manager at Liquid Web, and his responsibilities include directing mail and packages to the appropriate Liquid Web employees. *Id.*, ¶ 5. As a regular business practice of Liquid Web, Mr. Campbell delivers any general correspondence (*i.e.*, correspondence addressed to the company but not to a specific individual at the company) to Travis Stoliker, the Director of Marketing and Sales at Liquid Web. *Id.* At various times over the past year, Mr. Campbell gave documents to Mr. Stoliker that Mr. Stoliker now understand were related to this lawsuit and had been served on Liquid Web by Plaintiff. Mr. Stoliker did not understand their legal significance because they often were hand-written and never appeared to require any response from Liquid Web. But Mr. Stoliker does not recall seeing a copy of the Amended Complaint at any time. *Id.*, ¶ 6. Thus, Mr. Stoliker did not realize that an Amended Complaint had been filed or that there was any obligation to respond.[1] *Id.*

On June 25, 2014, the Clerk of Court entered a Certificate of Default against Liquid Web, (Dkt. No. 13), and on the same date, Plaintiff filed a motion for default judgment against Liquid Web (Dkt. No. 19). The motion was never served on Liquid Web. Stoliker Decl., ¶ 7. The Clerk's office eventually rejected the motion as an improperly filed ECF document (Dkt. No. 19). Upon Plaintiff's motion, the Court advised Plaintiff that she could refile the default judgment motion at any time (Dkt. No. 45). To date, however, she has failed to do so.

---

[1] Plaintiff claims in her letter dated January 28, 2015 that Liquid Web was served with the Amended Complaint. But the only proof she submitted in support of this assertion was the Proof of Service, which only refers to the Summons and does not mention the Amended Complaint, and two copies of the Summons, neither of which included the Amended Complaint as an attachment. (*See* Dkt. No. 101.)

Liquid Web learned that it was in default only two weeks ago when it was informed by counsel that the Clerk had entered the Certificate of Default. Stoliker Decl., ¶ 3. Thereafter, it promptly instructed its attorneys to file this motion, as well as a motion to dismiss the Amended Complaint, which is being filed contemporaneously herewith. *Id.*, ¶ 8.

## ARGUMENT

Federal Rule of Civil Procedure 55(c) states that "[t]he court may set aside an entry of default for good cause shown." The Second Circuit has established three criteria for determining whether the movant has shown good cause: (1) whether the default was willful; (2) whether setting aside the default will prejudice the plaintiff; and (3) whether a meritorious defense is presented. *See Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 337 (S.D.N.Y. 2013) (*citing Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)). A party seeking to prove good cause is not required to prove that all three factors weigh in its favor; rather courts have discretion to find good cause even where one or more of the factors weigh against the party seeking to vacate default. *See Sea Hope*, 978 F. Supp. 2d at 339. Moreover, courts apply these factors less rigorously in a motion to set aside entry of default as opposed to a motion to vacate a default judgment because the concerns regarding finality that arise in a motion to vacate a default judgment are not implicated to the same extent as in a motion to set aside entry of default. *See id.* at 337. Further, because defaults are generally disfavored, when doubt exists as to whether a default should be vacated, the doubt should be resolved in favor of the defaulting party. *See Enron Oil*, 10 F.3d at 96.

As discussed below, in this case, Liquid Web did not engage in willful conduct, Plaintiff would not suffer any prejudice, much less substantial prejudice, if the default were set aside, and Liquid Web has a meritorious defense as shown by its motion to dismiss filed

contemporaneously herewith.  As such, Liquid Web has shown good cause under Federal Rule of Civil Procedure 55(c), and the Court should set aside the entry of default.

        1.      <u>Liquid Web Has Not Engaged In Willful Conduct</u>

Liquid Web's failure to respond to the Amended Complaint was not the result of willful conduct.  The Second Circuit has interpreted willfulness in the context of a default as requiring bad faith or some other "conduct that is 'more than merely negligent or careless.'"  *Sea Hope*, 978 F. Supp. 2d at 337 (*quoting SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)); *see also Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 60-61 (2d Cir. 1996) (discussing willfulness prong in context of motion to vacate a default judgment, explaining that a court "will look for bad faith, or at least something more than mere negligence").

Here, Liquid Web failed to appear in this action not because of its own willful conduct, but because it did not receive the Amended Complaint.  Stoliker Decl., ¶ 6.  And while Plaintiff submitted a Proof of Service indicating that the Summons was served on a Liquid Web employee, it appears that the Summons did not include a complete copy of the Amended Complaint, as required under the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint.").  As a result of Plaintiff's improper service, Liquid Web was not aware of the filing of the Amended Complaint or of any duty to respond.  Stoliker Decl., ¶ 6.  Liquid Web also was not aware that the Clerk of Court had entered a Certificate of Default.  *Id.*, ¶ 7.  Once Liquid Web learned about the status of the litigation, it immediately acted to cure its default.  *Id.*, ¶ 8.  Such conduct does not amount to willfulness.  *See Enron Oil*, 10 F.3d at 98 (finding that there could be no willfulness where the defaulting party responded immediately after receiving a copy of the pleading, "making clear that he was not willing to forfeit his rights").  Thus, the default should be set aside.  *See Williams-Steele v. Trans*

*Union*, 12-CV-0310 (GBD)(JCF), 2013 WL 3892813, at *2-3 (S.D.N.Y. July 29, 2013) (granting motion to set aside default where service was improper).

        2.      <u>Plaintiff Will Not Suffer Prejudice if the Default Is Set Aside</u>

Plaintiff will not be prejudiced if the Court grants Liquid Web's motion and considers the motion to dismiss. As this Court has explained, "delay alone is not a sufficient basis for establishing prejudice." *Schlatter v. China Precision Steel, Inc.*, 296 F.R.D. 258, 261 (S.D.N.Y. 2013) (citation and internal quotation marks omitted). Rather, there must be some prejudice that results from the delay, such as loss of evidence, difficulties in conducting discovery, or increased opportunity for fraud or collusion. *See Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (citation omitted).

There will be no prejudice to Plaintiff here because the case is still in the motion to dismiss stage and has not proceeded into discovery. Liquid Web's three co-defendants have each filed a motion to dismiss, and those motions have not been decided yet. If Liquid Web's motion to set aside the default were granted, Liquid Web would be in the same position as the other defendants. Further, no discovery has been conducted yet and the Court stayed discovery in this matter until all motions to dismiss have been decided (Dkt. No. 45). As such, Plaintiff will not suffer any prejudice as a result of Liquid Web's delay in appearing in this action. *See Schlatter*, 296 F.R.D. at 261 (plaintiff suffered no prejudice where discovery had not yet begun).

        3.      <u>Liquid Web Has a Meritorious Defense</u>

To show that it has a meritorious defense, a defendant need only "present some evidence beyond conclusory denials to support [its] defense." *Enron Oil*, 10 F.3d at 98. It is not necessary to establish that the defense will "carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Id.*

Here, Liquid Web has asserted a complete defense in its accompanying motion to dismiss, namely that Plaintiff has failed to state a claim for the causes of action alleged in the Amended Complaint under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). This satisfies the meritorious defense prong. *See Basile v. Wiggs*, 08-CV-7549 (CS)(GAY), 2009 WL 1561769, at *7 (S.D.N.Y. May 29, 2009) (holding that the legal arguments and exhibits in the motion to dismiss that accompanied the motion to set aside the default were sufficient "to meet the low threshold of adequacy required under Rule 55" in demonstrating a meritorious defense) (citation and internal quotation marks omitted).

## CONCLUSION

Based on the above, Liquid Web respectfully submits that it has shown good cause and requests that the entry of default be set aside.

Dated: January 30, 2015  
New York, NY

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By: _____  
David Donahue (ddonahue@fzlz.com)  
Emily Weiss (eweiss@fzlz.com)  
866 United Nations Plaza  
New York, New York 10017  
Tel: (212) 813-5900

Of Counsel:

Samuel J. Frederick (application for admission *pro hac vice* to be filed)  
FOSTER SWIFT COLLINS & SMITH P.C.  
313 South Washington Square  
Lansing, Michigan 48933  
Tel: (517) 371-8103  
Email: sfrederick@fosterswift.com

*Attorneys for Defendant Liquid Web Inc.*