UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSEN GENCH, *doing business as* OnlineTutorForEnglish.com,<br><br>Plaintiff,<br><br>-against-<br><br>HOSTGATOR.COM, LLC; ENOM, INC.; LIQUID WEB INC.; WIRED TREE; SITEGAP.COM; SITEGAP.NET; SITE GAP,<br><br>Defendants. | Case No.  14 Civ. 03592 (RA)(GWG)<br><br>**DECLARATION OF TRAVIS STOLIKER IN SUPPORT OF DEFENDANT LIQUID WEB INC.'S MOTION TO SET ASIDE ENTRY OF DEFAULT** |

I, Travis Stoliker, declare as follows:

1. I am the Director of Marketing and Sales of Defendant Liquid Web Inc. ("Liquid Web").  I submit this declaration in support of Liquid Web's motion to set aside the Clerk's entry of default.  I make this declaration based on my personal knowledge and on the records of Liquid Web.

2. My responsibilities at Liquid Web include Adwords management, marketing strategy, sales management, brand/creative management, website writing, press release writing and new media advertising through Twitter, Facebook and other avenues.  I also oversee the day-to-day operations in Liquid Web's Lansing, Michigan office, including reviewing all mail and packages that are delivered to Liquid Web.

3. I understand that Susen Gench ("Plaintiff") has filed an action in federal court in New York against Liquid Web and several other companies (collectively, "Defendants"), asserting various claims related to Defendants' alleged interference with a website that she

{F1617067.3 }

operates. Approximately two weeks ago my attorneys informed me that the Clerk of Court had entered a Certificate of Default against Liquid Web. Prior to being informed by my attorneys, I did not know that Liquid Web was in default.

4. I understand that the Clerk entered the Certificate of Default based on the Proof of Service filed by Plaintiff, which states that the Summons was served on Liquid Web on June 2, 2014. A copy of the Proof of Service filed by Plaintiff with the Court is attached hereto as <u>Exhibit A</u>.

5. The Proof of Service was signed by Nick Campbell, who is Liquid Web's Operations Manager. Mr. Campbell's responsibilities include being responsible for the phone and video conferencing systems in addition to a wide variety of other tasks as well as receiving the mail and packages that get delivered to Liquid Web's Lansing office. Mr. Campbell delivers all such mail and packages to the designated addressee without reviewing their contents. If any mail or packages are not addressed to a specific employee at Liquid Web, Mr. Campbell delivers them to me for review. I then take any necessary action or forward the contents to the appropriate department or employee.

6. Although the Proof of Service indicates that Mr. Campbell accepted service, Liquid Web has no record of ever having received the Amended Complaint which is the basis for Plaintiff's default. Further, I do not have any recollection of seeing Plaintiff's Amended Complaint at any time before the past two weeks. At various times over the past year, Mr. Campbell gave me documents that I now understand were related to this lawsuit and had been served on Liquid Web by Plaintiff. I reviewed each document upon receipt, but I did not understand their legal significance because they often were hand-written and never appeared to

require any response from Liquid Web. The Amended Complaint that is the basis for the default was not included within such documents. As such, until two weeks ago, I was not aware that the Amended Complaint had been filed and purportedly served upon Liquid Web, and I did not have an understanding of any obligation to file a response to a document that has not been received.

7. I understand that after Plaintiff obtained the Certificate of Default from the Clerk of Court, she filed a motion for default judgment against Liquid Web on June 25, 2014. Our office has no record of ever having received the default judgment motion, nor do I have any recollection of ever seeing the motion. Thus, not only was Liquid Web unaware that the Amended Complaint had been filed, but it did not know that a Certificate of Default had issued.

8. It has never been Liquid Web's intention to default in these proceedings. As soon as I learned that Liquid Web was in default, I instructed my attorneys to file a motion to set aside the entry of default and also seek to have the Amended Complaint dismissed. Liquid Web has filed contemporaneously herewith a motion to dismiss the Amended Complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Travis Stoliker

Lansing, Michigan
January 29, 2015