UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SUSEN GENCH, *doing business as*
OnlineTuturForEnglish.com,

                        Plaintiff,

            -v-

HOSTGATOR.COM, LLC; ENOM INC.;
LIQUID WEB INC.; WIRED TREE;
SITEGAP.COM; SITEGAP.NET; SITE GAP,

                      Defendants.

------------------------------------------------------------X

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 29 2015

No. 14-CV-3592 (RA)

ORDER ADOPTING REPORT AND
RECOMMENDATION

RONNIE ABRAMS, United States District Judge:

      Proceeding *pro se*, Plaintiff Susan Gench brought this action alleging violations of federal trademark and copyright law, as well as New York's law against false advertising. A default was entered against Defendant Liquid Web Incorporated ("Liquid Web") on June 25, 2014. Liquid Web has moved to set aside the default and to dismiss the Amended Complaint. Before the Court is Magistrate Judge Gorenstein's Report and Recommendation ("R&R"), dated June 17, 2015, recommending that the Court grant each of the motions. Plaintiff timely filed objections to the R&R on June 29, 2015. Liquid Web filed a response on July 13, 2015.

      "A district court reviewing a magistrate judge's report and recommendation 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" *Hancock v. Rivera*, No. 09-CV-7233 (CS) (GAY), 2012 WL 3089292, at *1 (S.D.N.Y. July 30, 2012) (citing 28 U.S.C. § 636(b)(1)(C)). "A district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made." *Id.* "The district court may adopt those portions of a report

and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." *Id.* "In addition, '[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error.'" *Id.* (quoting *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 2, 2008)) (alterations in original).

While a *pro se* parties' objections are "generally accorded leniency and should be construed to raise the strongest arguments that they suggest . . . even a *pro se* party's objections . . . must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Id.* (citations omitted).

Plaintiff's objections only minimally address the R&R. Instead, Plaintiff spends the majority of her submission seeking to disqualify both the undersigned and Magistrate Judge Gorenstein pursuant to 28 U.S.C. § 455. By Order dated June 30, 2015, Judge Gorenstein denied Plaintiff's application seeking to disqualify him. *See* ECF No. 136. For the reasons that follow, Plaintiff's application is denied as it relates to the undersigned, as well.

28 U.S.C. § 455(a), (b)(1), (b)(4) provides that a judge must disqualify herself from a case where her "impartiality might reasonably be questioned," where she "has a personal bias or prejudice concerning a party," or where she "knows that [she] . . . or [her] spouse . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding . . . ."

Plaintiff's primary contention is that the undersigned has a "conflict of interest" in this case because her spouse is an attorney at the firm Davis Polk & Wardwell, which is counsel to

2

Goldman Sachs, which in turn "oversaw" the initial public offering of Endurance International Group ("EIGI"), which bought Defendant Hostgator.com in 2013. *See* ECF No. 135 at 2 ("Pl.'s Obj."). Additionally, Plaintiff contends that Goldman Sachs remains the "second largest institutional owner" of EIGI stock. *Id.* Plaintiff argues that it was for these reasons that the undersigned was "chosen" by the Defendants when this case was reassigned from Judge Kaplan on May 20, 2014. *Id.* at 3. The undersigned has, according to Plaintiff, prejudiced Plaintiff ever since. *Id.*

No grounds for recusal exists here. Neither the undersigned nor her spouse has a financial interest in this case. To the extent that the undersigned's spouse or his firm may have represented Goldman Sachs in an unrelated matter at some point during the pendency of this action, the undersigned was not aware of any connection between Goldman Sachs and any of the parties in this case.[1] In any event, a "financial interest" under 28 U.S.C. § 455(b)(4) is defined as "a relationship as director, advisor, or other active participant in the affairs of the party . . . ." 28 U.S.C. § 455(d)(4). Courts have interpreted this provision as excluding from its purview "the relationship of outside counsel." *Six West Retail Acquisition, Inc. v. Sony Theatre Management Corp.*, No. 97-CV-5499 (LAP), 2003 WL 282187, at *6 (S.D.N.Y. Feb. 7, 2003); *see also In re Digital Music Antitrust Litig.*, No. 06-MDL-1780 (LAP), 2007 WL 632762, at *13 n.18 ("legal representation does not qualify as a 'financial interest in the subject matter of the controversy'"). Moreover, even if "financial interest" did cover the relationship of outside counsel, "such a relationship would be relevant only if outside counsel represented 'a party to the proceeding,'" which is not the case here. *Six West Retail*, 2003 WL 282187, at *6 (denying recusal motion where judge's husband represented different Sony entities than those that were parties to the case

---

[1] At present, the undersigned's spouse is not personally representing Goldman Sachs in any capacity.

3

at issue).

At bottom, whatever relationship the undersigned's spouse or his firm has or has had with Goldman Sachs is too far removed from any of the parties in this action to reasonably question the undersigned's impartiality. "[W]here an interest is not direct, but is remote, contingent, or speculative, it is not the kind of interest which reasonably brings into question a judge's impartiality." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2d Cir. 1988). The recusal statute "does not compel disqualification 'simply on unfounded innuendo concerning the possible partiality of the presiding judge.'" *Canino v. Barclays Bank, PLC*, No. 94-CV-6314 (SAS), 1998 WL 7219, at *3 (S.D.N.Y. Jan. 7, 1998) (quoting *El Fenix de Puerto Rico v. M/Y Johanny*, 36 F.3d 136, 140 (1st Cir. 1994)). Courts have held that even where a judge's spouse represented the same defendants in the case in prior, purportedly related matters, this relationship "does not rise to the level of an appearance of impropriety." *In re Digital Musical Antitrust Litig.*, 2007 WL 632762, at *12. Certainly here, then, where the undersigned's spouse has not represented any of the parties to this litigation, no "reasonable person, who knows and understands all the relevant facts, would conclude that the court's impartiality might reasonably by questioned." *Six West Retail*, 2003 WL 282187, at *5 (emphasis omitted).

Like Judge Gorenstein, the undersigned harbors no antagonism toward Plaintiff and no favoritism toward Defendants. *See* ECF No. 136. That there have been rulings adverse to Plaintiff does not constitute grounds for disqualification. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism

that would make fair judgment impossible"); *Razzoli v. U.S. Parole Comm'n*, No. 10-CV-1842 (CBA), 2010 WL 5027548, at *1 (E.D.N.Y. Dec. 2, 2010) ("Failure to grant the relief sought is not an adequate ground for recusal.")

Plaintiff also argues that the undersigned "overstepped her authority" in referring motions to dismiss to Judge Gorenstein for reports and recommendations without her consent. Pl.'s Obj. at 4. 28 U.S.C. § 636(b)(1), however, does not require consent of the parties for a magistrate judge to issue a report and recommendation on a motion to dismiss.

Regarding Plaintiff's arguments that the Court has prevented her from serving her complaint on Defendant Site Gap, the Court has previously directed her to raise the service issue with Judge Gorenstein. *See* ECF No. 118 ("Plaintiff has . . . raised an issue with regard to her ability to serve Defendants SiteGap.com, Sitegap.Net, and/or Site Gap. This matter having already been referred to Magistrate Judge Gorenstein for general pretrial purposes, the Court directs Plaintiff to raise this service issue before Judge Gorenstein.") Whether Plaintiff chooses to do so is beyond the Court's purview.

With regard to Judge Gorenstein's previous report and recommendation granting several other Defendants' motions to dismiss, *see* ECF No. 111, Plaintiff contends that the undersigned "wrongfully" denied her request for an extension of time to file objections to that report and recommendation. Pl.'s Obj. at 6. As similarly addressed in a separate Order issued today, no such request, however, was ever made. Plaintiff refers to ECF No. 110, a letter addressed to Judge Gorenstein in which she requested an extension, but that letter—and Judge Gorenstein's endorsement of it—referred only to responding to Liquid Web's motions, not to any report and recommendation. Indeed, a subsequent order issued by Judge Gorenstein extended the deadline to respond to Liquid Web's motions even further than Plaintiff had requested and clearly directed

5

her to submit objections to the report and recommendation by March 2, 2015, which Plaintiff did not do. *See* ECF No. 112.

Plaintiff additionally makes various references to actions taken before the Second Circuit, which do not state any intelligible grounds for disqualification of the undersigned. *See, e.g.*, Pl.'s Obj. at 5.

Finally, Plaintiff alludes to the Court having "diluted" certain of her docket entries. *See id.* at 7. This is apparently in reference to a document she filed against Liquid Web, of which only 17 of the purportedly 174 pages were docketed. *Id.* at 7-8. Plaintiff, however, appears not to have followed Judge Gorenstein's repeated instructions to properly file any submissions with the Pro Se office, rather than faxing them to his chambers. *See* ECF Nos. 122, 123. Even if filing by fax were acceptable, it appears that Plaintiff only faxed to Judge Gorenstein's attention the 17 pages that were filed, not the entire 174 pages that she claims the Court prevented her from filing. *See* ECF No. 132. To the extent that Plaintiff separately objects that Liquid Web was the party that was supposed to file those missing pages on ECF, there is no indication as to why this responsibility would have fallen to Defendants rather than Plaintiff herself. *See* ECF No. 133.

In sum, Plaintiff's application to disqualify the undersigned is denied.

Insofar as Plaintiff objects to the substance of Judge Gorenstein's R&R, she merely reiterates arguments previously made and does not make any specific objections to the R&R itself. The Court thus reviews the R&R for clear error, and finds none. *See Hancock*, 2012 WL 3089292, at *2.

Accordingly, the Court adopts the R&R. The Clerk of Court is respectfully requested to close the motions pending at ECF Nos. 103, 107, 132, and 133.

As to the Site Gap service issue, the Court once again directs Plaintiff to raise this issue before Judge Gorenstein, should she choose to do so.

SO ORDERED.

Dated:      July 28, 2015
            New York, New York

_____
Ronnie Abrams
United States District Judge