```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SUSEN GENCH,                                      :

                        Plaintiff,                :   14 Civ. 3592 (RA) (GWG)

        -v.-                                      :   REPORT AND RECOMMENDATION

HOSTGATOR.COM LLC, et al.,                        :

                        Defendants.               :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Plaintiff Susen Gench filed the Complaint in this matter on May 19, 2014. See Complaint (Docket # 2). The Complaint names as defendants a group identified as "SiteGap.Com; SiteGap.Net; Site Gap," who we will refer to as the "Site Gap defendants." Id. Plaintiff filed an Amended Complaint on May 23, 2014. See Amended Complaint (Docket # 5). The Amended Complaint includes these same defendants. Id. These are the only defendants who remain in this case.

No proof of service has ever been filed as to the Site Gap defendants. Accordingly, the Court issued an Order to Show Cause on August 14, 2015 (Docket # 146), which set forth the requirement of Rule 4(m) of the Federal Rules of Civil Procedure that service be made on a defendant within 120 days after the filing of the complaint. The Order noted that this time period had expired and that no proof of service for the Complaint or the Amended Complaint had been filed with the Court as to the Site Gap defendants. It ordered the plaintiff to file by September 8, 2015, a document showing good cause why this case should not be dismissed under Rule 4(m) because of the plaintiff's failure to serve the Site Gap defendants within 120 days of the filing of the complaint. It also warned that "failure to comply with this Order may by itself result in the dismissal of this action." Plaintiff never filed such a document, however.

Because there has been no showing of good cause for the failure to effectuate service, and because this is not a case in which the Court should exercise its discretion to grant an extension in the absence of good cause, see Zapata v. City of New York, 502 F.3d 192 (2d Cir. 2007), this matter should be dismissed without prejudice pursuant to Rule 4(m).

Additionally, this case should be dismissed with prejudice because the Amended Complaint fails to state a claim against the Site Gap defendants. A district court has the power to sua sponte dismiss a complaint for failure to state a claim as long as notice is given to the plaintiff. See, e.g., Wachtler v. County of Herkimer, 35 F.3d 77, 82 (2d Cir. 1995). Here, the August 14, 2015 Order directed plaintiff to "state her arguments as to why the claims against the Site Gap defendants should not be dismissed for the same reasons that the claims against the other defendants have been dismissed." The Order set a deadline of September 8, 2015 for plaintiff to make such a submission but plaintiff never did so.

Dismissal is appropriate because the Amended Complaint has been found deficient as to all other defendants in this case and the few allegations in the Amended Complaint concerning the "Site Gap" defendants, see Amended Complaint at 9, 13-16, 18, 21, are of the same character as the allegations against the remaining defendants, all of whom have been dismissed. Accordingly, for the reasons already stated in the prior decisions in this matter (Docket ## 115 and 144), the claims against the Site Gap defendants should be dismissed with prejudice.

Conclusion

This case should be dismissed either with prejudice for failure to state a claim or without prejudice as to the Site Gap defendants based on plaintiff's failure to serve them. As no other defendants remain in this matter, a final judgment should be entered dismissing the action and the case should be closed.

## PROCEDURE FOR FILING OBJECTIONS TO THIS
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Ronnie Abrams at 40 Centre Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Abrams. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: September 17, 2015
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copy mailed to:

Susen Gench
Apt. 2J
82-45 135th Street
Kew Gardens, NY 11435

2