```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/1/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUSEN GENCH,

                    Plaintiff,

          v.

HOSTGATOR.COM, L.L.C., *et al.*,

                  Defendants.

No. 14-CV-3592 (RA)

ORDER ADOPTING REPORT &
RECOMMENDATION

RONNIE ABRAMS, United States District Judge:

    Proceeding *pro se*, Plaintiff Susan Gench filed this action on May 19, 2014, alleging violations of federal trademark and copyright law, as well as New York State law prohibiting false advertising. On May 23, 2014, Plaintiff filed an Amended Complaint identifying five Defendants: (1) Hostgator.com, L.L.C.; (2) eNom Incorporated; (3) Liquid Web Incorporated; (4) Wired Tree; and (5) "SiteGap.Com; SiteGap.Net; Site Gap." Dkt. 5 at 1–2. On March 10, 2015, the Court dismissed Plaintiff's claims against HostGator.com, eNom, and Wired Tree. *See* Dkt. 115. On July 29, 2015, the Court dismissed Plaintiff's claims against Liquid Web. *See* Dkt. 144. Before the Court now is Magistrate Judge Gorenstein's Report & Recommendation ("Report"), dated September 17, 2015, recommending that Plaintiff's claims against the SiteGap defendants also be dismissed, either without prejudice for failure to effectuate service under Rule 4 of the Federal Rules of Civil Procedure or with prejudice for failure to state a claim. *See* Dkt. 147. The Report also recommends that, "[a]s no other defendants remain in this matter, a final judgment should be entered dismissing the action and the case should be dismissed." *Id.* at 2. Although the Report warned Plaintiff that "[i]f a party fails to file timely objections, that party will not be permitted to

raise any objections to [the Report] on appeal," *id.*, no objections were filed.[1] For the reasons that follow, the well-reasoned Report is adopted in its entirety.

"Where no timely objection has been made. . . a district court need only find that there is no clear error on the face of the record in order to accept the Report and Recommendation." *Pineda v. Masonry Const., Inc.*, 831 F. Supp. 2d 666, 670 (S.D.N.Y. 2011) (internal quotation marks omitted). The Court has reviewed the Report for clear error and found none. The Court therefore adopts the Report and dismisses Plaintiff's claims against the Sitegap defendants with prejudice for failure to state a claim. As no defendants remain, the Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: December 1, 2015
New York, New York

Ronnie Abrams
United States District Judge

---

[1] On the date that objections were due, Plaintiff filed a document entitled "Emergency Mandamus or Review for Void Judgment and New Trial, Pursuant to Title 28 U.S.C. Section 455(a)(b)" with the Supreme Court of the United States. A copy was also delivered to this Court. *See* Dkt. 148. This document does not object to the Report directly, but claims that the undersigned, along with Judge Gorenstein and the SiteGap defendants, engaged in "premeditated prejudicial actions in order to obstruct [Plaintiff] to serve the complaint on the indispensable Site Gap." *Id.* at 9. To the extent this statement can be construed as an objection to that portion of the Report recommending dismissal for failure to serve the SiteGap defendants, it is without merit. Both the undersigned and Judge Gorenstein have afforded Plaintiff multiple opportunities to serve the SiteGap defendants or explain why service could not be effected. *See* Dkt. 118, 144 & 146. In any event, nothing in the document Plaintiff filed with the Supreme Court objected to that portion of the Report recommending that Plaintiff's claims be dismissed with prejudice for failure to state a claim.